835 F.2d 878
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Carlton A. HODGES, Plaintiff-Appellant,
v.
UNITED STATES of America, Department of Housing & Urban
Development, Federal Housing Administration, the State of
Michigan, the Governor of Michigan, the County of Wayne, the
Sheriff of Wayne, the Lomas & Nettleton Co., Ronald O.
Haerens, Juanita Johnson, Robin L. Skocdopole, John/Jane
Does "1-100", Defendants-Appellees.
 No. 87-1261.
 United States Court of Appeals, Sixth Circuit.
 Dec. 15, 1987.
 
 1
 Before KEITH and WELLFORD, Circuit Judges; and THOMAS G. HULL, District Judge.*
 
 ORDER
 
 2
 The plaintiff moves for in forma pauperis status on appeal from the district court's grant of dismissal and summary judgment to the defendants in this civil rights rights case. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. After an examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 The plaintiff filed suit alleging that his due process rights were violated in the foreclosure sale of his residence. The plaintiff amended his complaint, and the only specific allegations in his amended complaint were against defendants Haerens and Johnson. The district court entered judgment dismissing some defendants and granting summary judgment to the remaining defendants. The plaintiff then appealed.
 
 
 4
 Except for defendants Haerens and Johnson, the district court properly dismissed the case because the amended complaint does not show any personal involvement by the other defendants. Rizzo v. Goode, 423 U.S. 362, 377 (1976); Coffy v. Multi-County Narcotics Bureau, 600 F.2d 570, 580 (6th Cir.1979). The district court was also correct to dismiss the case against defendants Haerens and Johnson. To state a valid Sec. 1983 claim, the facts in support of the legal conclusions in a complaint must be sufficient to charge government officials with outrageous conduct or arbitrary use of government power. Jones v. Sherrill, No. 85-5828, Slip Op. at 9 (6th Cir. Sept. 2, 1987). The facts in support of the plaintiff's amended complaint do not show anything more than mere negligence on the part of the state officials when they failed to notify the plaintiff of the continued date of the foreclosure sale. Such negligence does not state a Sec. 1983 claim. Davidson v. Cannon, 106 S.Ct. 668, 670 (1986); Daniels v. Williams, 106 S.Ct. 662, 665-66 (1986).
 
 
 5
 The motion for in forma pauperis status is granted. The judgment of the district court is affirmed under Rule 9(b)(5), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.
 
 
 
 *
 The Honorable Thomas G. Hull, Chief U.S. District Judge for the Eastern District of Tennessee, sitting by designation